IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02360-MSK-KMT

DENISE CALDARELLA,

        Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO,
JAROD BALSON, and,
OFFICER ROBERT WOOD,

        Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to Defendants Jarod Balson and

Robert Wood's Motion for Summary Judgment **(# 12)**, Plaintiff Denise Caldarella's response

**(#21)** and Mr. Balson and Mr. Woods' reply **(# 24)**.  Having considered these, the Court finds

that further argument would not be of assistance.

**I.  Factual Background**

The Court has considered all of the undisputed facts, and as to those that are disputed,

takes them in the light most favorable to Ms. Caldarella.   In 2006, in response to contentions

that Ms. Caldarella's husband, Ezekiel Archuleta, had engaged in acts of domestic violence

toward her, the Westminster Municipal Court issued a restraining order that prohibited Mr.

Archuleta from having any contact with Ms. Caldarella.  Several months later, Ms. Caldarella

sought to have that order dissolved.  Mr. Balson, a City of Westminster prosecutor, opposed the

request and the court denied Ms. Caldarella's request.  After the hearing on that request, Ms.

Caldarella and Mr. Balson were involved in a verbal altercation outside the courtroom.  The

parties disagree as to whether certain things were said during this discussion: Mr. Balson

contends that Ms. Caldarella threatened to assist Mr. Archuleta in violating the restraining order

and that he responded by advising her that if she did so, she could be criminally charged with

complicity; Ms. Caldarella denies having made any such statement or receiving any such

advisement.

On October 10, 2006, Westminster police officers responded to an emergency call from

Ms. Caldarella involving an injury to her child.  When police arrived, they noted that Mr.

Archuleta  was in the residence, in violation of the restraining order.  The police arrested Mr.

Archuleta for violating the restraining order.

On October 11, 2006, Mr. Balson reviewed the police report of the incident at Ms.

Caldarella's home.  Mr. Balson also consulted with Mr. Wood, a police officer assigned to the

courthouse and who had witnessed the verbal altercation between Mr. Balson and Ms.

Caldarella. Believing that Ms. Caldarella had threatened to assist Mr. Archuleta in violating the

restraining order, Mr. Balson decided that it would be appropriate to charge Ms. Caldarella with

criminal complicity.  Because Mr. Balson lacked authority to issue charges,  he requested that

Mr. Wood to do so.  Mr. Wood served Ms. Caldarella with a summons on the same day.  The

charges brought against Ms. Caldarella were later dismissed by a judge as legally deficient.

**II.  Issues presented**

Ms. Caldarella asserts three claims[1] in this action: (i) a violation of 42 U.S.C. § 1983 against Mr. BALSON for retaliating against her based on her exercise of rights protected by the First Amendment rights; (ii) a § 1983 claim against both Mr. Balson and Mr. Wood, sounding in false arrest in violation of the Fourth Amendment; and (iii) a § 1983 claim that all of the Defendants conspired to violate Ms. Caldarella's rights under the Equal Protection clause of the Fourteenth Amendment, in that her arrest and prosecution were improperly motivated by her sex and Hispanic national origin.

Mr. Balson and Mr. Wood move **(# 12)** for summary judgment on the claims asserted against them. Mr. Balson contends that with regard to all claims, he is entitled to absolute prosecutorial immunity. Mr. Wood contends that he is entitled to qualified immunity on all claims against him, although his argument focuses primarily on whether he is protected by the "fellow officer rule."[2] Ms. Caldarella responds **(# 21)** that Mr. Balson was acting outside a prosecutorial function when he conducted a factual investigation prior to requesting the filing of charges and when he gave advice to Mr. Wood that charges were appropriate. As a consequence, she contends that he is not protected by absolute immunity. With regard to Mr. Wood's claim of qualified immunity, Ms. Caldarella argues that she has adequately stated a constitutional claim against Mr. Wood, and that Mr. Wood's invocation of the "fellow officer rule" is without merit.

---

[1]The Complaint does not clearly delineate which Defendants are the subject of which claims. The Court has attempted to ascertain which claims related to which Defendants by examining the substantive allegations within each claim.

[2]As discussed below, the "fellow officer rule" allows the Court to aggregate the knowledge of all police officers involved in an arrest when determining whether sufficient probable cause for that arrest exists.

### III. Analysis

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is

required.  The court then applies the law to the undisputed facts and  enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**A.  Mr. Balson**

Turning first to Mr. Balson's claim of absolute prosecutorial immunity, Mr. Balson bears the burden of showing sufficient facts to entitle him to such immunity.  *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993).  The law has long recognized that prosecutors are entitled to absolute immunity against civil liability arising out of their exercise of the prosecutorial function.  *See generally Van de Kamp v. Goldstein*, 129 S.Ct. 855, 859-60 (2009) (discussing rationale for such immunity).  However, such immunity does not extend to those situations in which the prosecutor moves outside of his or her role as "an officer of the court," and instead engages in investigative or administrative tasks.  *Id.* at 861.

Ms. Caldarella contends that two particular actions by Mr. Balson fall outside the scope of his prosecutorial duties: (i) he conducted factual investigation before deciding that charges were appropriate; and (ii) he advised Mr. Wood that charges were appropriate in these circumstances.  Ms. Caldarella has not submitted any evidence in support of her response that would purport to describe the investigatory steps that Mr. Balson took, and thus, the Court ascertains the relevant facts solely from Mr. Balson's affidavit.  That affidavit states that on

5

October 11, 2006, Mr. Balson reviewed the police report from the prior evening's incident in Ms Caldarella's home.  He then spoke with Kimberly Kaufman, the chief prosecutor, and they agreed that there was probable cause to charge Ms. Caldarella with complicity.  Mr. Balson then spoke with Mr. Wood, advising him of Mr. Balson's version of the verbal altercation (including Mr. Balson's belief that Ms. Caldarella threatened to aid Mr. Archuleta in violating the restraining order and belief that he had advised her that doing so could result in criminal charges), and advising him of the incident the prior evening in which Mr. Archuleta had been found in Ms. Caldarella's presence in violation of the order.  Mr. Balson advised Mr. Wood that there was probable cause to charge Ms. Caldarella with a crime and requested that Mr. Wood issue a summons.

Based on these undisputed facts, the Court finds that Mr. Balson was engaged in a prosecutorial function when performing these acts.  Prosecutorial immunity extends not only to the actual filing and pursuit of criminal charges, but also to "actions preliminary to the initiation of a prosecution."  *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 33 (1976).  Such protected preliminary acts include "the professional evaluation of the evidence assembled by police." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Newcomb v. Ingle*, 944 F.2d 1534, 1536 (10th Cir. 1991) (prosecutor absolutely immune for actions taken in reviewing and evaluating evidence when deciding whether to prosecute).  By contrast, a prosecutor who assumes the ordinary investigative function of a detective or police officer – that is "searching for the clues and corroboration that might give him probable cause" – steps outside the prosecutorial role and loses entitlement to absolute immunity.  *Id.*  Here, the evidence reveals that Mr. Balson simply evaluated the evidence – namely, the police report and his own recollection of Ms. Caldarella's

6

statements during the altercation – in determining whether to prosecute Ms. Caldarella.  Nothing in the record indicates that Mr. Balson attempted to unearth additional evidence or firm up the case against Ms. Caldarella, as would a police detective.  Thus, contrary to Ms. Caldarella's argument, Mr. Balson's actions in evaluating the evidence before him and determining that charges were warranted thereon was a prosecutorial, not investigative, function for which absolute immunity is available.

Similarly, Mr. Balson's communication with Mr. Wood was not an act of "advising police," which falls outside the defense of immunity. Ordinarily, absolute immunity is not available where a prosecutor gives legal advice to police with regard to what they can or cannot do while conducting an investigation.  *See Burns v. Reed*, 500 U.S. 478, 492-95 (1991) (no immunity for prosecutor's advice to police that they could subject a witness to a polygraph examination); *Mink v. Suthers*, 482 F.3d 1244, 1260 (10th Cir. 2007).  Precisely characterizing the nature of Mr. Balson's communication to Mr. Wood is complicated by the unusual nature of their relationship: it is apparently undisputed that Mr. Balson has the power to determine whether probable cause existed and whether criminal charges would be brought, but he lacked the power to draft and issue the charging documents and relied on Mr. Wood to perform that function.[3]   In essence, it appears that Mr. Balson's conversation with Mr. Wood was not an attempt by Mr. Balson, acting as a complaining witness, to convince Mr. Wood to decide to issue charges.  *Compare Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (where prosecutor is acting as

---

[3]The parties do not address, and thus the Court does not consider, whether Mr. Wood has the authority to disagree with Mr. Balson as to the existence of probable cause in a given case and thus refuse to issue a summons – *e.g.* as a magistrate judge refusing to issue a warrant, or a grand jury refusing to return an indictment.

witness, not counsel, absolute immunity not available).  Rather, Mr. Balson was simply instructing Mr. Wood to carry out the ministerial task of drafting a charging document, a task that would normally be performed by the prosecutor himself and which would clearly fall within the prosecutorial function.  *Id.* (finding prosecutor's actions in drafting information were entitled to immunity); *Roberts v. King*, 144 F.3d 710, 711 (10th Cir. 1998).

Accordingly, because both actions challenged by Ms. Caldarella  fall within the prosecutorial function, Mr. Balson is entitled to absolute immunity.  Beyond those two tasks, Ms. Caldarella does not identify any other allegedly unlawful actions by Mr. Balson against her that fall outside the scope of that immunity.   Thus, Mr. Balson is entitled to summary judgment on all of the claims asserted against him.

### B.  Mr. Wood

The Court then turns to the claims against Mr. Wood.  At best, only the second and third claims in the Complaint relate to Mr. Wood; there is no assertion in either the Complaint or Ms. Caldarella's response that Mr. Wood is subject to the First Amendment retaliation claim. Accordingly, the Court limits its focus to the remaining two claims.

Although Mr. Wood  raises the defense of qualified immunity in passing, he devotes most of his argument to invoking the "fellow officer rule." That rule provides that where the Court is inquiring into the sufficiency of a police officer's probable cause to make an arrest, the Court may consider not only the facts known to the arresting officer, but also facts known to any of his fellow officers as well. *U.S. v. Hinojos*, 107 F.3d 765, 769 (10th Cir. 1997).  The invocation of that rule is misplaced here – the issue is not whether the information known by Mr. Balson, when aggregated with the information known by Mr. Wood, amounts to sufficient

probable cause to arrest Ms. Caldarella.  It does not matter how much information the

Defendants possessed, individually or collectively, because the charges filed by Mr. Balson were

found deficient as a matter of <u>law</u>, not <u>fact</u>.  The Westminster courts determined that a victim of

a violation of a restraining order cannot, as a matter of law, be charged as an accomplice to the

violation of that order.  Thus, inquiry into the sufficiency of probable cause for the issuance of

the summons here – and the effect of the "fellow officer rule" on that inquiry – is inapposite.

It appears to the Court that what Mr. Wood, in attempting to link the claims against him

to the protection cloaking Mr. Balson, was not actually describing the "fellow officer rule," but

rather the doctrine that absolute prosecutorial immunity extends to those who act at the direction

of a prosecutor in order to carry out a prosecutorial function. *See e.g. Joseph v. Shepherd*, 211

Fed.Appx. 692, 697 (10th Cir. 2006) (unpublished) (investigator who prepares criminal complaint

under supervision of prosecutor entitled to immunity); *see also Whitesel v. Sengenberger*, 222

F.3d 861, 869 (10th Cir. 2000) (individuals performing ministerial acts at the direction of one

with absolute immunity are themselves entitled to such immunity).

Ms. Caldarella does not allege that Mr. Wood did anything other than prepare and serve

the summons as instructed by Mr. Balson.[4]  Thus, the only action taken by Mr. Wood in this case

was done pursuant to the instructions of Mr. Balson in furtherance of the prosecutorial function.

Thus, Mr. Woods is entitled to the same absolute immunity that protects Mr. Balson.  Because

Mr. Woods enjoys absolute immunity for his actions, the Court need not address the parties'

---

[4]As with Mr. Balson, none of the evidence attached to Ms. Caldarella's response realtes
to actions taken by Mr. Wood, and thus, the only evidence in the record on this issue is Mr.
Wood's affidavit, which simply recites that he was advised by Mr. Balson of the evidence
against Ms. Caldarella, that he was instructed to draft and issue the summons, and that he did so.

arguments regarding Mr. Wood's qualified immunity.

For the foregoing reasons, Mr. Balson and Mr. Wood's Motion for Summary Judgment (**# 12**) is **GRANTED**.  Judgment will enter in their favor and against Ms. Caldarella when the remaining claims against Defendant City of Westminster are conclusively adjudicated.

Dated this 24th day of August, 2009

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge